UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| STEVE A. MORRIS, | ) |
| | ) |
| v. | ) |
| | )   CV620-064 |
| STATE OF GEORGIA, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Steve Morris is apparently serving some significant period of time after a conviction in the Superior Court of Toombs County.[1] Morris has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal case. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. For the following reasons, his petition should be **DISMISSED** as untimely. Accordingly, his motion for leave to proceed *in forma pauperis* should be **DISMISSED AS MOOT**.

---

[1] Petitioner's petition is mostly unintelligible. While answering some of the questions contained in the petition, for example, dates and case numbers, plaintiff populates much of the paperwork with non sequiturs, racial and homophobic slurs, drawings of tombstones, and what can only be characterized as ravings about activities that may or may not happen. For example (and in no way should this be characterized as an exhaustive list), he claims that the Sheriff's office tried to coerce his wife on a street corner, doc. 1 at 1, calls his jury of "all southern Baptists & D.F.A.C.s workers" a "kangaroo court," *id.* at 3, and complains that he was "bum rushed," *id.* at 6.

As to the merits of petitioner's motion, it appears that it is untimely and should be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, in the district court, the judge must dismiss the petition and notify the petitioner."). Federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Morris asserts that he was convicted in September of 2009. Doc. 1 at 1. Morris filed an appeal to the Georgia Court of Appeals and the Georgia Supreme Court which was denied in 2013. *Id*. at 2-3. He then asserts that he filed a habeas petition in 2015. *Id.* at 4. After that was denied, he filed an appeal to the Georgia Supreme Court which was again denied, this time in 2018. *Id.* at 5. This case was not filed until June of 2020. *See* doc. 1 at 15 (signature filed June 9, 2020). Thus, Morris' time to file this habeas petition ran in the more-than-one-year period between when his direct appeal was decided by the Georgia Supreme Court and when he filed his state habeas case. Though the

statute of limitations would generally be tolled by pending state court habeas actions, 28 U.S.C. § 2244(d)(1)(A), as the one-year period elapsed before the first state petition was filed, Morris' current effort is unsalvageable. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("a state court petition . . . filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." (internal quotations and citations omitted). Even if Morris' time had not elapsed prior to his state habeas petition, he let more than a year elapse between when his state habeas case was concluded and when he filed this complaint. Finally, there is nothing in the complaint that suggests that the statute of limitations should be tolled. *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (noting statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Accordingly, the petition is untimely and should be **DISMISSED**. All pending motions should likewise be **DISMISSED AS MOOT**.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9,

3

2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 25th day of February, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA